UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KALOYAN ANGUELOV, for himself
and on behalf of those similarly
situated

      Plaintiff,

v.                                                                    Case No: 2:16-cv-273-FtM-99CM

EVENT PARKING, INC. and
KENNETH BENSON,

      Defendants.

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the file. On April 12, 2016, Plaintiff initiated this lawsuit by filing a Complaint against Defendants Event Parking, Inc., ("Event Parking") and Kenneth Benson ("Benson") (collectively "Defendants"). Doc. 1. On May 25, 2016, Senior United States District Judge John E. Steele issued a FLSA Scheduling Order, directing the parties to meet and confer in person no later than September 21, 2016. Doc. 15 at 3. On July 29, 2016, Defendants' counsel moved to withdraw as counsel of record, which the Court granted. Docs. 26, 27. The Court directed Event Parking to retain counsel and

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

have counsel file a Notice of Appearance and Benson to retain counsel or file notice of proceeding *pro se* with the Court on or before August 15, 2016.  Doc. 27.  The Court explicitly warned Defendants that their failure to comply with the Court's Order may result in recommendation of defaults against them.  *Id.* at 2.  On September 6, 2016, Plaintiff filed a Notice of Non-compliance, notifying the Court that Defendants did not comply with the Court's Order (Doc. 27).   Doc. 32.

On September 30, 2016, Plaintiff filed the motion for extension of time to conduct a settlement conference because Defendants did not have attorney representation and it was not clear whether Benson would like to proceed *pro se*. Doc. 33 at 2.  The Court ordered Benson (1) to file a status report with the Court if he wished to proceed *pro se*, or (2) alternatively, to have counsel file a Notice of Appearance if he retained counsel on or before October 17, 2016.  Doc. 34 at 2.  The Court again warned Benson that his failure to comply with the Court's Order may result in the Court's recommendation of defaults against him.  *Id.* at 2-3. Nonetheless, Defendants did not comply with the Court's Orders (Docs. 27, 34) by not filing a status report or have their counsel file a notice of appearance.  As a result, on November 29, 2016, the Court directed Defendants to show cause as to why they should not be sanctioned for their failure to comply with the Court's Order (Docs. 27, 34) on or before December 5, 2016.  Doc. 35.  As of this date, Defendants have not responded to the Court's Order to Show Cause (Doc. 35).

The courts "have inherent power to impose sanctions on parties, lawyers, or both."  *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006).  This

power derives from the court's needs to manage its own dockets in order to "achieve the orderly and expeditious disposition of cases." *Id.*  The court's use of the power to sanction "requires a finding of bad faith after the party is afforded a due process opportunity to be heard."  *Boler v. Space Gateway Support Co. LLC*, 290 F. Supp. 2d 1272, 1278 (M.D. Fla., 2003).  The courts find bad faith when a party delays or disrupts the litigation or hampers enforcement of a court order.  *In re Sunshine Jr. Stores*, 456 F.3d at 1304 (finding that the bankruptcy court properly invoked its inherent power to sanction the party when the party repeatedly failed to respond to court orders and refused to provide discovery pursuant to court orders).  "Upon appropriate circumstances, it is within a court's discretion to assess attorney's fees on a party, or even to dismiss its lawsuit, for actions taken in bad faith."  *Id.* at 1305.  Although severe sanctions such as dismissal or default should be the court's last resorts, these sanctions are appropriate "when less drastic sanctions would not ensure compliance with the court's orders."  *Id.* at 1306.

Here, Defendants repeatedly failed to comply with the Court's Orders, although the Court provided ample opportunities to comply and notice of possible consequences to Defendants.  Docs. 27, 34, 35.  Their non-compliance of the Court's Orders has stalled these proceedings and interfered with the Court's management of this case since August 1, 2016 when Defendants' counsel withdrew as counsel of record.  Docs. 26, 27.  Based on Defendants' conduct and non-response, the Court finds that Defendants not only demonstrate bad faith but also have forfeited their defense in this matter.  *In re Sunshine Jr. Stores*, 456 F.3d at 1304; *Figuero v.*

*Image Rent A Car, Inc.*, No. 6:09-cv-1730-Orl-31DAB, 2010 WL 3062195, at *1 (M.D. Fla, July 15, 2010), *adopted by* 2010 WL 3062108 at *1 (finding the party's abandonment of defense and the entry of judicial default appropriate because the party failed to respond to the motion to compel discovery and the court's discovery order and order to show cause).

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. A Clerk's Default be entered against Defendants Kenneth Benson and Event Parking, Inc.

2. Plaintiff be directed to file appropriate papers to seek a default judgment within fourteen (14) days of the Order.

**DONE** and **ENTERED** in Fort Myers, Florida on this 28th day of December, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

Kenneth Benson *pro se*
Event Parking, Inc. *pro se*