UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KALOYAN ANGUELOV, for
himself and on behalf of
those similarly situated,
and NIKOLAY KORICHKOV, opt-
in plaintiff,

        Plaintiffs,

v.                              Case No: 2:16-cv-273-FtM-29CM

EVENT PARKING, INC., a
Florida profit corporation
and KENNETH BENSON,
individually,

        Defendants.

_____

**OPINION AND ORDER**

    This matter comes before the Court on review of plaintiffs'

Motion for Final Default Judgment (Doc. #40) filed on January 31,

2017. No response has been filed and the time to respond has

expired. For the reasons stated below, the motion will be denied

without prejudice.

    On April 12, 2016, plaintiff Kaloyan Anguelov (plaintiff or

Anguelov) filed a Complaint (Doc. #1) against Event Parking, Inc.

(Event Parking) and Kenneth Benson (Benson) (collectively

defendants) seeking recovery of minimum wage under both the Fair

Labor Standards Act (FLSA) and Article X, Section 24 of the Florida

Constitution, as well as for unpaid overtime compensation under

the FLSA.  On April 13, 2016, Nikolay Korichkov (opt-in plaintiff or Korichkov) filed a Consent to Join the lawsuit.

In 2009, defendants hired plaintiff as a valet attendant to park cars.  (Doc. #1, ¶ 15.)  From at least 2009 continuing through June 2015, defendants failed to pay plaintiff proper minimum wage for all his hours, and failed to maintain proper time records. (Id., ¶ 21.)  Plaintiff asserts that he had no set hourly rate of pay, and that the tips he received were to constitute his pay. (Doc. #31-1; Doc. #40-1, Exh. 1, ¶ 5.)  Plaintiff alleges that he was engaged in commerce while an employee of defendants, and Benson had authority to hire and fire employees, determine work schedules, and control the finances and operations of Event Parking at all relevant times.  (Doc. #1, ¶¶ 6-9.)  Plaintiff further alleges that Event Parking's annual gross revenue was in excess of $500,000 per annum.  (Id., ¶ 12.)  Plaintiff alleges that Event Parking was an enterprise engaged in commerce and an enterprise engaged in commerce and an enterprise engaged in the production of goods for commerce within the meaning of the FLSA.  (Id., ¶ 11.)  Plaintiff alleges that defendants had 2 or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as automobiles.  (Id., ¶ 13.)

Under the FLSA, an employer is required to pay each of his or her employees "who in any workweek is engaged in commerce or in

the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages" at the listed minimum wages. 29 U.S.C. § 206(a). An exception is provided for tipped employees to allow payment of "pay less than the general minimum wage—$2.13 per hour—to a "tipped employee" as long as the employee's tips make up the difference between the $2.13 minimum wage and the general minimum wage." Montano v. Montrose Rest. Assocs., Inc., 800 F.3d 186, 188 (5th Cir. 2015) (citing 29 U.S.C. § 203(m)). See also 29 U.S.C. § 203(t) (A "tipped employee" is "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."). Plaintiff does not address the amount of tips he received, and seeks the minimum wage for all hours work. Plaintiff also does not indicate what credit should be applied for tips, or whether the employer retained the tips so that no credit is due.

Plaintiff also does not discuss or argue how Event Parking is an enterprise engaged in commerce, or more specifically what goods or materials were being handled, sold, or worked on. There are two types of coverage under the FLSA: individual coverage (where an employee is engaged in commerce) and enterprise coverage (where an employee works for an enterprise engaged in commerce). For plaintiff to have been "engaged in commerce", plaintiff:

> must be directly participating in the actual
> movement of persons or things in interstate
> commerce by (i) working for an instrumentality
> of interstate commerce, e.g., transportation
> or communication industry employees, or (ii)
> by regularly using the instrumentalities of
> interstate commerce in his work, e.g., regular
> and recurrent use of interstate telephone,
> telegraph, mails, or travel.

Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006) (citations omitted). "Commerce" is defined to include trade, commerce, transportation, transmission, or communication among or between states. 29 U.S.C. § 203(b). To determine individual coverage, it is the character of the activities themselves that are determinative, in this case, the parking of vehicles. Jimenez v. S. Parking, Inc., No. 07-23156-CIV, 2008 WL 4279618, at *7 (S.D. Fla. Sept. 16, 2008) (citing Overstreet v. N. Shore Corp., 318 U.S. 125, 132 (1943)). See also 29 U.S.C. § 203(s)(1) (defining enterprise engaged in commerce as one with an annual gross volume of sales not less than $500,000).

Plaintiff's allegation in the Complaint that both types of coverage apply is a legal conclusion and insufficient to be deemed admitted without a supporting factual statement as to why Event Parking was engaged in interstate commerce. Some courts that have addressed claims by a valet attendant under the FLSA have thus far found that parking cars is a service and not the production of goods, and that parking cars that were manufactured outside the

state or that had travelled in interstate commerce was not *engaging*
in commerce. See, e.g., Jimenez, 2008 WL at *8 (on summary
judgment, finding plaintiff was not engaged in commerce, and
"activities merely affecting commerce" are insufficient); Asalde
v. First Class Parking Sys. LLC, No. 16-20027-CIV, 2016 WL 5464599,
at *2 (S.D. Fla. Sept. 29, 2016) (finding that production of goods
for commerce was not applicable to valet parking), appeal filed,
No. 16-16814 (11th Cir. Oct. 28, 2016). Other courts have not
addressed the issue, or the case is distinguishable. See, e.g.,
Weisel v. Singapore Joint Venture, Inc., 602 F.2d 1185, 1187 & n.2
(5th Cir. 1979[1]) (finding plaintiff was an employee of the hotel
serving as a parking valet with additional duties like cleaning
the hotel entrance); Farasat v. RP Managing Partners, LLC, No.
3:13-CV-270-L, 2016 WL 304871, at *1 (N.D. Tex. Jan. 26, 2016)
(issue not raised or addressed).

After review of the Complaint, plaintiff's Answers to Court's
Interrogatories, the Motion, and the Affidavits in support by
plaintiff and the opt-in plaintiff, the Court finds that the facts
do not support finding that Event Parking is covered by the FLSA.
The motion will be denied without prejudice, and plaintiff will be

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th
Cir. 1981) (en banc) the Eleventh Circuit adopted as binding
precedent all the decisions of the former Fifth Circuit handed
down prior to the close of business on September 30, 1981.

provided an opportunity to respond to the issues identified herein, if the claims can be supported.  In the alternative, plaintiff may amend the complaint and serve defendants pursuant to Fed. R. Civ. P. 4.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion for Final Default Judgment (Doc. #40) is **DENIED** without prejudice.

2. Plaintiff may file an amended motion within **FOURTEEN (14) DAYS** of this Order to include argument and affidavits that adequately addressing the tip issue, and whether Event Parking is an enterprise engaged in commerce.  In the alternative, plaintiff may file and serve an amended complaint that contains sufficient factual allegations.

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of April, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record