UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KALOYAN ANGUELOV, for himself
and on behalf of those similarly
situated

      Plaintiff,

v.                                              Case No: 2:16-cv-273-FtM-29CM

EVENT PARKING, INC. and
KENNETH BENSON,

      Defendants.
_____

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Clerk's Default (Doc. 45) filed on May 31, 2017. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff seeks entry of Clerk's default against Defendants Event Parking, Inc. ("Event Parking") and Kenneth Benson ("Benson") (collectively, "Defendants"). Doc. 45.

On April 12, 2016, Plaintiff filed a Complaint & Demand for Jury Trial ("Complaint") under the Fair Labor Standards Act ("FLSA") against Defendants. Doc. 1. Defendants, however, have not appeared in this matter since their counsel withdrew as counsel of record with the Court's permission on August 1, 2016. Doc. 27. Defendants also have not responded to the Court's Orders directing Event Parking to retain counsel and Benson to notify the Court if he wishes to proceed pro se. Docs. 27, 34, 35. As a result, on December 28, 2016, the undersigned recommended entering a Clerk's default as to Defendants because they did not

comply with the Court's Orders. Doc. 37. Senior United States District Judge John E. Steele adopted the undersigned's Report and Recommendation and directed the Clerk to enter a default against Defendants. Doc. 38 at 2-3. Judge Steele also ordered Plaintiff to file a motion for default judgment within fourteen days of the Order. *Id.* at 3. Accordingly, the Clerk entered a default as to Defendants on January 17, 2017, and Plaintiff filed a motion for default judgment on January 31, 2017. Docs. 39, 40.

On April 14, 2017, Judge Steele denied without prejudice Plaintiff's motion for default judgment because the facts did not support that Event Parking is a covered entity under the FLSA. Doc. 41 at 5. Judge Steele allowed Plaintiff to amend this deficiency by filing an amended motion or filing and serving an amended complaint that contains sufficient factual allegations. *Id.* at 6. On May 5, 2017, Plaintiff responded by filing an Amended Complaint & Demand for Jury Trial ("Amended Complaint"). Doc. 44. On May 31, 2017, Plaintiff filed the present motion, alleging that he served the Amended Complaint by mailing it to Defendants. Doc. 45 at 1.

Here, Plaintiff's present motion is moot because the Clerk already entered a default on January 17, 2017 pursuant to the Order (Doc. 38). Doc. 39. Regardless, the Court finds that Plaintiff's service of the Amended Complaint is improper under the Federal Rules of Civil Procedure. Rule 5(a)(1)(B) states that a pleading filed after the original complaint must be served on every party unless ordered otherwise by the court. Fed. R. Civ. P. 5(a)(1)(B). Rule 5(a)(2) provides an exception to this general rule, stating that "[n]o service is required on a party who is in default for

failing to appear." Fed. R. Civ. P. 5(a)(2). Nonetheless, the rule makes clear that if a pleading asserts a new claim for relief against a party in default, the pleading must be served on that party pursuant to Rule 4. *Id.*

Courts in this District have held that service under Rule 5(a)(2) is required if an amended pleading asserts new claims or materially alters the claims alleged or relief sought. *CliC Goggles, Inc. v. Morrison*, No. 6:15-cv-621-Orl-28GJK, 2016 WL 7665442, at *2 (M.D. Fla. June 2, 2016); *Amarelis v. Notter Sch. of Culinary Arts, LLC*, No. 6:13-cv-54-Orl-31KRS, 2014 WL 5454387, at *3 (M.D. Fla. Oct. 27, 2014) (finding that the amended complaint asserted new claims for relief because it named new parties who were not named in the original complaint); *Poitevint v. Dynamic Recovery Servs., Inc.*, No. 3:10-cv-700-J-12TEM, 2011 WL 201493, at *1 (M.D. Fla. Jan. 20, 2011) (holding that if changes made in an amended complaint are not substantial, the requirement of Rule 5(a)(2) does not apply).

Here, the Amended Complaint names a new party and includes substantial changes to the claims asserted. *See Amarelis*, 2014 WL 5454387, at *3; *Poitevint, Inc.*, 2011 WL 201493, at *1. The Amended Complaint alleges that Nicolay Korichkov ("Korichkov") has joined this case an opt-in plaintiff. Doc. 44 at 9. Counts I, II, and III of the Amended Complaint reflect this change and include a demand for judgment in favor of Plaintiff and Korichkov whereas the Complaint sought judgment in favor of Plaintiff only on Counts I and III and Plaintiff and those similarly situated on Count II. Docs. 1 at 7, 9, 11; 44 at 10, 12, 14. Furthermore, Plaintiff materially altered allegations contained in Count II by alleging them on

behalf of himself and those similarly situated instead of himself only as he did in the Complaint. Docs. 1 at 7-9, 44 at 11-12. As a result, the Court finds that Plaintiff must serve the Amended Complaint pursuant to Rules 4 and 5(a)(2). Fed. R. Civ. P. 5(a)(2); *see CliC Goggles,* 2016 WL 7665442, at *2; *Amarelis*, 2014 WL 5454387, at *3; *Poitevint, Inc.*, 2011 WL 201493, at *1. The Court will direct Plaintiff to properly serve Defendants under Rules 4 and 5(a)(2).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Clerk's Default (Doc. 45) is **DENIED as moot**.

2. Plaintiff shall have up to and including **June 15, 2017** to properly serve Defendants under Rules 4 and 5(a)(2).

**DONE** and **ORDERED** in Fort Myers, Florida on this 1st day of June, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record