UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KALOYAN ANGUELOV, for himself
and on behalf of those similarly
situated

      Plaintiff,

v.                                              Case No: 2:16-cv-273-FtM-29CM

EVENT PARKING, INC. and
KENNETH BENSON,

      Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Clerk's Default (Doc. 53) filed on August 23, 2017. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff seeks entry of Clerk's default against Defendants Event Parking, Inc. ("Event Parking") and Kenneth Benson ("Benson") (collectively, "Defendants"). Doc. 53.

On April 12, 2016, Plaintiff filed a Complaint & Demand for Jury Trial ("Complaint") under the Fair Labor Standards Act ("FLSA") against Defendants. Doc. 1. Defendants, however, have not appeared in this matter since their counsel withdrew as counsel of record with the Court's permission on August 1, 2016. Doc. 27. Defendants also have not responded to the Court's Orders directing Event Parking to retain counsel and Benson to notify the Court if he wishes to proceed *pro se*. Docs. 27, 34, 35. As a result, on December 28, 2016, the undersigned recommended entering a Clerk's default against Defendants because they did not

comply with the Court's Orders. Doc. 37. Senior United States District Judge John E. Steele adopted the undersigned's Report and Recommendation and directed the Clerk to enter a default against Defendants. Doc. 38 at 2-3. Judge Steele also ordered Plaintiff to file a motion for default judgment within fourteen days of the Order. *Id.* at 3. Accordingly, the Clerk entered a default as to Defendants on January 17, 2017, and Plaintiff filed a motion for default judgment on January 31, 2017. Docs. 39, 40.

On April 14, 2017, Judge Steele denied without prejudice Plaintiff's motion for default judgment because the facts did not support that Event Parking is a covered entity under the FLSA. Doc. 41 at 5. Judge Steele allowed Plaintiff to amend this deficiency by filing an amended motion or filing and serving an amended complaint that contains sufficient factual allegations. *Id.* at 6. On May 5, 2017, Plaintiff responded by filing an Amended Complaint & Demand for Jury Trial ("Amended Complaint"). Doc. 44.

On May 31, 2017, Plaintiff filed a motion for Clerk's default against Defendants. Doc. 45. On June 1, 2017, the Court denied the motion as moot because the Clerk already entered a default against Defendants on January 17, 2017. Doc. 46 at 2. Nonetheless, the Court found that although Rule 5(a)(2) generally does not require service on a party who is in default, Plaintiff must serve his Amended Complaint pursuant to Rule 4 because the amended pleading materially altered the claims originally alleged. *Id.* at 2-4.

On June 29, 2017, Defendants filed Waivers of the Service of Summons. Docs. 51, 52. By signing and returning the Waivers, Defendants "agree[d] to save the expense of serving a summons and complaint in this case," and "waive[d] any objections to the absence of a summons or of service." *Id.* Defendants also acknowledged that they must file an answer or a motion under Rule 12 within sixty (60) days from June 12, 2017, and their failure to do so may result in a default being entered against them. *Id.* As of this date, Defendants have not responded to the Amended Complaint.

The Court first will vacate the Clerk's default (Doc. 39) entered on January 17, 2017 because Plaintiff filed the Amended Complaint and served it upon Defendants pursuant to Rule 4. *Montgomery Bank, N.A. v. Alico Road Bus. Park, LP*, No. 2:13-cv-802-FtM-29CM, 2014 WL 757994, at *2 (M.D. Fla. Feb. 26, 2014) (citations omitted) ("The filing of an amended complaint [] cures a party's default as to the superseded original complaint."); *Wane v. Loan Corp.*, No. 8:11-cv-2126-T-33AEP, 2012 WL 909461, at *1 (M.D. Fla. Mar. 16, 2012) (vacating the clerk's default because the court allowed the plaintiffs to file an amended complaint).

Pursuant to Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, a defendant who timely has waived service must serve an answer within 60 days after the request for waiver was sent. Fed. R. Civ. P. 12(a)(1)(A)(ii). Here, although the Waivers clearly state that Defendants must respond to the Amended Complaint on or before August 11, 2017, Defendants have not responded at all. Docs. 51, 52. The Court finds that entry of Clerk's default is appropriate because Defendants did not

respond to the Amended Complaint within the time permitted under Rule 12(a)(1)(A)(ii).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Clerk's Entry of Default (Doc. 39) is **VACATED**.

2. Plaintiff's Motion for Clerk's Default (Doc. 53) is **GRANTED**. The Clerk is directed to enter a Clerk's default against Defendants Kenneth Benson and Event Parking, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of August, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record