UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KALOYAN ANGUELOV, for himself
and on behalf of those similarly
situated

        Plaintiff,

v.                                      Case No:   2:16-cv-273-FtM-29CM

EVENT PARKING, INC. and
KENNETH BENSON,

        Defendants.

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiffs' Unopposed Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 62) filed on January 16, 2018.  The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims and dismiss the case with prejudice.  Doc. 62.  For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and the case be dismissed with prejudice.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must

- 2 -

scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute."  *Lynn's Food Store, Inc.*, 679 F.2d at 1355.

Here, Plaintiff Kaloyan Anguelov filed a Complaint for himself and on behalf of those similarly situated, seeking recovery of overtime compensation and unpaid minimum wages under the FLSA and the Florida Constitution against Defendants Event Parking, Inc. ("Event Parking") and Kenneth Benson.  Docs. 1, 44.  Event Parking, a Florida corporation, engages in business in Collier County, Florida.  Doc. 44 ¶ 5.  Benson owned and operated Event Parking and regularly exercised the authority to hire and fire employees of the company and determine the employees' work schedules.  *Id.* ¶ 6.

Plaintiff alleges he worked as a non-exempt valet attendant for Defendants approximately from 2009 to June 2015.  *Id.* ¶¶ 23, 31.  Plaintiff claims during the term of his employment, he was not paid any overtime premium for all hours worked in excess of forty (40) hours within a workweek.  *Id.* ¶ 31.  Plaintiff further alleges Defendants did not compensate him with minimum wages required under the FLSA and the Florida Constitution.  *Id.* ¶ 34.  On April 3, 2016, Nikolay Korichkov filed a consent to join this action as an opt-in plaintiff.  Doc. 6.

On August 1, 2016, the Court permitted Defendants' previous counsel to withdraw as counsel of record.  Doc. 27.  Defendants have not appeared in this matter since their counsel withdrew as counsel of record.  They also have not responded to the Court's Orders directing Event Parking to retain counsel and Benson to notify the Court if he wishes to proceed *pro se*.  Docs. 27, 34, 35.  As a

result, on December 28, 2016, the undersigned recommended entry of Clerk's default against Defendants for their failure to comply with the Court's Orders. Doc. 37. Senior United States District Judge John E. Steele adopted the undersigned's Report and Recommendation and directed the Clerk to enter a default against Defendants. Doc. 38 at 2-3. Judge Steele also ordered Plaintiff to file a motion for default judgment within fourteen days of the Order. *Id.* at 3. Accordingly, the Clerk entered a default as to Defendants on January 17, 2017, and Plaintiff filed a motion for default judgment on January 31, 2017. Docs. 39, 40.

On April 14, 2017, Judge Steele denied without prejudice Plaintiff's motion for default judgment because the alleged facts did not support that Event Parking is a covered entity under the FLSA. Doc. 41 at 5. Judge Steele allowed Plaintiff to amend this deficiency by filing an amended motion or filing and serving an amended complaint that contains sufficient factual allegations. *Id.* at 6. On May 5, 2017, Plaintiff responded by filing an Amended Complaint & Demand for Jury Trial ("Amended Complaint"). Doc. 44. On August 23, 2017, Plaintiff moved for entry of Clerk's default, which the Court granted. Docs. 53, 54. The Court also vacated the first entry of Clerk's default. Doc. 54 at 4. On August 29, 2017, the Clerk entered a default as to Defendants. Docs. 55. Subsequently, instead of moving for default judgment, Plaintiff filed the present motion, seeking the Court's approval of the parties' settlement agreement. Doc. 62.

In the proposed settlement agreement, Defendants agree to pay Anguelov and Korichkov (collectively, "Plaintiffs") a settlement amount totaling ten thousand dollars ($10,000.00) in consideration of their underlying claims for unpaid wages and liquidated damages. Doc. 62-1 ¶ 3(A), (B). The parties state that they reached the settlement after conducting sufficient discovery and exchanging enough information to make an informed decision. Doc. 62 at 6. Plaintiffs represent that although the negotiated amount of settlement funds is small in comparison to the total alleged damages, the amount is reasonable given Defendants' limited financial resources and the uncertainty and risk of litigation. *Id.* at 6-7. In light of Defendants' financial circumstances and the uncertainty of litigation, the parties state that the settlement amount is a fair and reasonable compromise of Plaintiffs' FLSA claims. *Id.* at 7.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014); *Helms v. Ctr. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, Defendants agree to pay Plaintiffs' attorney's fees and costs in the amount of $7,200.00. Doc. 62-1 ¶ 3. The settlement was reached and the fees and costs were agreed upon separately and without regard to the amount paid to Plaintiffs. Doc. 60 at 7. Under these circumstances, the Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. Plaintiffs' Unopposed Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 62) be **GRANTED**.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiffs.

**DONE** and **ENTERED** in Fort Myers, Florida on this 17th day of January, 2018.

- 7 -

*(signature)*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties